Manhattan Wholesale Grocery Co.
vs.
M. A. C. Plan, Inc.

No. 86140.

January 5, 1932.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $186.41.

This is an action of trover and conversion brought to recover the value of certain personal property possession of which was obtained by the defendant at a sheriff's sale. Plaintiff had a chattel mortgage upon contents and fixtures of a grocery store on North Main Street, in the City of Providence, run by one Isaac Shapiro. Defendant attached the mortgaged property and the officer sold it, subject to the mortgage, contrary to the provisions of Gen. Laws of R. I., Chap. 351, Sections 5 and 6; *McKenna Bros.* vs. *Brown*, 29 R. I. 339.

Plaintiff demanded of the defendant the mortgaged property but as it had been resold by the defendant, its return was impossible. Therefore plaintiff brought the present action to recover the value of 'the property which it claimed had been converted by the defendant. The conversion, while not perhaps admitted, was not strenuously contested and the only substantial issue at the trial was the value of the goods. The defendant admitted a value of $61.95. This figure was reached, it would seem, in part at least, on the basis of certain sales made by the defendant to persons who were in most instances its employees. The purchases as made seem to have been genuine bargains.

On the other hand, the values testified to by witnesses for the plaintiff were given on articles some of which very probably did not come into the possession of the defendant. Morris Flink, for instance, testified that Shapiro's stock was worth from $300 to $350, but he made no inventory and

the estimate was made when the attachment was on. He did not know what was in the store when the contents were sold. Shapiro made a list of goods in the store while a keeper was in charge but his prices were very evidently influenced by what the goods had cost him.

The officer who made the sale testified that the stock was very small and that the fixtures were not very elaborate. The latter's testimony harmonizes with that given by Mr. Lamont, an employee of the defendant, who had charge of the property received from the sheriff's sale. He would appear to have been in a position to make an accurate inventory although, as has been said, the goods in some instances were sold at ridiculously low prices, thereby rendering his appraisal too low.

On the whole the Court thinks the amount reached by the jury is not supported by the weight of the evidence and defendant's motion for a new trial is granted on the ground that the damages are excessive unless within five days the plaintiff remits so much of the verdict as is in excess of $125. ' In the event that such remittitur be filed, the motion for a new trial is denied.

For plaintiff: Robinson & Robinson.
For defendant: Raymond & Semple.